**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**B.D.G.,**

**Plaintiff,**

**v.**

**Case No. 2:22-cv-3202**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**CHOICE HOTELS INTERNATIONAL, INC.,**

**Defendant.**

**OPINION AND ORDER**

Plaintiff's Motion for Leave to Amend and File Second Amended Complaint is before the Court. (Doc. 60). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion.

## I. BACKGROUND

Plaintiff filed suit in August 2022 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (Doc. 1). Relevant here, Plaintiff alleges that she was trafficked for sex at a franchisee/branded Ohio property of Defendant Choice Hotels International, Inc. ("Choice"), in 2020. (Doc. 5 at ¶¶ 4, 23, 37). Due to a variety of factors in the first round of TVPRA cases filed in this Court, the Court did not set a case schedule until August 26, 2024. That case schedule, however, did not include a deadline to amend the pleadings. (Doc. 35).

Years later, this case was reassigned to the Undersigned, and the Court ordered the parties to file monthly joint status reports. (Doc. 48). In the required June report, Plaintiff told the Court she intended to seek leave to amend her First Amended Complaint to add "the franchisee and/or other defendants." (Doc. 56 at 1). On June 24, Plaintiff filed her Motion, seeking leave to add Defendant Choice's franchisee, Hailey-Sai Hospitality, LLC ("Hailey-Sai"), and three unrelated

defendants: G6 Hospitality, LLC; G6 Hospitality Franchising, LLC (collectively, "G6"); and Westwood Hospitality, LLC ("Westwood"). (Doc. 60). Defendant opposes the Motion (Doc. 64), and the Motion is ready for review. (*See* Doc. 65 (Plaintiff's Reply)).

## II. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the court may consider various factors, such as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, amendment of a case schedule requires compliance with Rule 16. *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) ("Once a . . . deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b).") (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d at 909.

## III. DISCUSSION

The Court will address Plaintiff's request to add a franchisee of Defendant before turning to her request to add unrelated hotels.

### A. Choice Franchisee – Hailey-Sai

As noted above, Plaintiff seeks to add Defendant's franchisee, Hailey-Sai. (Doc. 60 at 1). The procedural history of this case, and this specific request, is substantially similar to *K.F. v. Choice Hotels International, Inc.*, in which this Court granted Plaintiff leave to add franchisee defendants. Case No. 2:22-cv-03839, Doc. 133 (July 1, 2026). For the reasons explained in that Opinion and Order, incorporated herein by reference, the Court **GRANTS** Plaintiff's request to add Hailey-Sai as a defendant. Because the Court is permitting a case schedule amendment, within ten days of Hailey-Sai's answer or response to Plaintiff's Second Amended Complaint, the parties are **ORDERED** to file a joint case management proposal, with a mind toward efficient discovery.

### B. G6 and Westwood

Plaintiff's second request to add other hotels as Defendants, however, requires further analysis. She argues that under Rule 15(a)(2), her request is made in good faith, without dilatory motive, and is not futile. (Doc. 60 at 4). She further contends that this amendment will not prejudice Defendant because the parties have yet to take any depositions, and it will not prevent this case being ready for trial in Spring 2027. (*Id.* at 2, 4). In response, Defendant argues that Plaintiff must meet Rule 16(b)'s standard before the Court considers her Motion under Rule 15(a)(2), and Plaintiff fails to meet either standard. (*See* Doc. 64). Defendant also notes that Plaintiff provides no reason as to why she did not include G6 and Westwood in her original or amended Complaints. (*Id.* at 3–4, 7). In reply, Plaintiff claims that "the timing of this request is due to the nascent nature of the law as it is developing under the TVPRA" and she "seeks to add these defendants believing that the law has developed such that all hotels, including franchisee properties, are properly brought in one action." (Doc. 65 at 4).

To begin, the Court previously found Defendant Choice's argument that Rule 16(b) applies to a request to amend a complaint unpersuasive where no deadline to amend had been set. *See*

*G.M. v. Red Roof Inns, Inc.*, No. 2:22-CV-3788, 2025 WL 3140363, at *2 (S.D. Ohio Nov. 10, 2025). So too here, and the Court applies only Rule 15 to the amendment request to add G6 and Westwood because the operative case schedule does not set a deadline by which to amend. Still, as a practical matter, Defendant is correct that such an amendment at this stage would impact progression of the case. Fact discovery has already closed, and expert deadlines are fast approaching. (*See* Doc. 54). But, as explained below, amendment here is not appropriate, so the Court need not consider a case schedule amendment that would encompass completely new defendants.

Turning to the substance of Plaintiff's request to add G6 and Westwood, the Court finds that most of the applicable Rule 15(a)(2) factors—undue delay, prejudice, and bad faith or dilatory motive—weigh against amendment. Addressing undue delay first, as Defendant Choice points out, Plaintiff waited nearly four years to move to add these parties. (Doc. 64 at 3–4, 7–8). Plaintiff's explanation for this delay is insufficient. She relies on "the development of the law" as an excuse when, in reality, her counsel has repeatedly brought cases with multiple, distinct corporate entities since 2019. At base, Plaintiff provides no reason as to why she did not seek to add G6 and Westwood in the past four years. This factor weighs heavily against amendment. *See Mathews v. Novartis Pharms. Corp.*, 953 F. Supp. 2d 811, 814 (S.D. Ohio 2013) (finding undue delay where plaintiff provided no explanation for long delay).

Similarly, the undue prejudice factor disfavors amendment. "The standard for undue prejudice is whether the amendment would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 3:23-CV-00553, 2024 WL 6969262, at *11 (M.D. Tenn. Jan. 29, 2024) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th

Cir. 1994)). Here, adding G6 and Westwood would significantly delay resolution of this case by effectively restarting it. "To add new claims and new defendants at this point would, however, clearly and unjustly postpone resolution of this saga." *Dubuc v. Green Oak Twp.*, 117 F. Supp. 2d 610, 621 (E.D. Mich. 2000), *aff'd*, 312 F.3d 736 (6th Cir. 2002) (finding proposed amendment prejudicial where new defendants would need to "familiarize themselves with the nine-years long record in this case just to formulate an appropriate discovery strategy; Plaintiff would be entitled to discovery from them; and the existing Defendants would have to attend to all of that discovery as well, to protect their own interests").

Lastly, the bad faith or dilatory motive factor does not weigh against amendment. While there is no evidence of bad faith or dilatory motive, as Defendant notes, it and the Court are left to speculate on Plaintiff's motives. (*See* Doc. 64 at 8 (suggesting that "the most plausible reason why Plaintiff seeks to add the Motel 6 Defendants to the case is to place improper settlement pressure on Choice (and presumably the Motel 6 Defendants as well)")). *See also Minor v. Northville Pub. Schs.*, 605 F. Supp. 1185, 1202 (E.D. Mich. 1985) ("At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive."). This factor, however, is outweighed by Plaintiff's undue delay and the prejudice the amendment would cause.

A final note. The Court need not reach Defendant's futility argument considering the foregoing analysis.

***

In sum, the Court finds that under Rule 15, Plaintiff may amend her complaint to add Hailey-Sai Hospitality, LLC only, as her request to add new, unrelated defendants was unduly delayed and would significantly prejudice Defendant.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend and File a Second Amended Complaint is **GRANTED in part** and **DENIED in part**. Plaintiff is **ORDERED** to file her Second Amended Complaint on or before **August 20, 2026**.

IT IS SO ORDERED.

Date: August 14, 2026

*s/Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE